UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELA KIRBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:15-cv-883 |
| | ) |
| THE PIC GROUP INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.   NATURE OF THE CASE

1. This is an employment discrimination and civil rights action brought by Plaintiff, Angela Kirby ("Kirby"), against The PIC Group Inc., ("Defendant") for unlawfully violating her rights as protected by Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e et seq., as amended.

### II.   PARTIES

2. At all times relevant to this action, Kirby resided within the Southern District of Indiana.

3. The Defendant is a corporation that conducts business in the Southern District of Indiana.

### III.   JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. §1331 and 28 U.S.C. § 1343.

5. The Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

6. Kirby was an "employee" within the meaning of  42 U.S.C. § 2000e(f).

7. Kirby satisfied her obligation to exhaust her administrative remedies, having timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). Kirby received the appropriate Notice of Right to Sue and brings this original action within ninety (90) days of her receipt thereof.

8. All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Southern District of Indiana, thus, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

9. The Defendant hired Kirby on or about October 6, 2013 as a Lead Hand, and she supervised a number of Inspectors.

10. During all relevant time periods, Kirby met or exceeded the Defendant's legitimate performance expectations.

11. Kirby worked on second and third shift, while her counterpart, Amber Jeffers, worked on first shift. In or about January 2014, Kirby's Inspectors complained that they could not locate Jeffers, and because of this, Kirby had to come to the plant.

12. On or about February 1, 2014, Kirby complained about Jeffers to Marc Bricker, her supervisor. Other co-workers also made complaints that Jeffers was not working her scheduled hours and was engaging in sexual behavior with co-workers. Bricker instructed Kirby to collect statements from these individuals and submit them to him and to human resources.

13. In or about March 2014, Kirby received an email from Bricker regarding her collection of statements in which Susan Mason, Defendant's Human Resources, told Bricker that if Kirby failed to collect statements from her co-workers, it would be considered insubordination. However, Kirby cooperated with Bricker and HR's investigation, and in mid-March 2014, she submitted statements from her and co-workers regarding Jeffers.

14. After Kirby submitted statements to HR, the Defendant did no further follow-up. Instead, on or about April 24, 2014, Kirby received an unwarranted write-up for alleged performance issues from Bricker. Then, on or about May 27, 2014, Kirby was terminated. The reasons given for her termination were pretext for discrimination.

15. Similarly situated individuals who have not engaged in a protected activity have not been terminated for the same or similar conduct.

16. Defendant retaliated against Kirby for engaging in a protected activity when it issued unwarranted discipline and terminated her employment.

### V. LEGAL CAUSES OF ACTION

#### COUNT I: RETALIATION

17. Kirby hereby incorporates paragraphs one (1) through sixteen (16) of her Complaint as if the same were set forth at length herein.

18. Kirby engaged in a protected activity when she complained about Jeffers' conduct and/or participated in the Defendant's investigation into Jeffers' conduct.

19. The Defendant retaliated against Kirby and terminated her employment.

20. The Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq.

21. The Defendant's actions were willful, intentional, and done with reckless disregard of Kirby's civil rights.

22. Kirby suffered damages as a result of the Defendant's unlawful actions.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Angela Kirby, by counsel, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. Payment to Kirby of all lost wages and benefits incurred as a result of Defendant's unlawful actions;

2. Reinstate Kirby to the position, along with the appropriate salary increase that she would have enjoyed but for Defendant's unlawful actions or payment to Kirby of front pay in lieu thereof;

3. Payment to Kirby of compensatory damages, damages for emotional distress and punitive damages;

4. Payment to Kirby of pre- and post-judgment interest;

5. Payment to Kirby of all costs and attorney fees incurred in litigating this action; and

6. Provide to Kirby any and all other legal and/or equitable relief this court deems just and appropriate.

Respectfully submitted,

/s Lauren E. Berger_____
Andrew Dutkanych III, Attorney No. 23551-49
Lauren E. Berger, Attorney No. 29826-19
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
E-Mail: ad@bdlegal.com
lberger@bdlegal.com

Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Angela Kirby, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

/s Lauren E. Berger
Andrew Dutkanych III, Attorney No. 23551-49
Lauren E. Berger, Attorney No. 29826-19
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
E-Mail: ad@bdlegal.com
lberger@bdlegal.com

Attorneys for Plaintiff